■ Stanley Akivis et al., Respondents, v Sixty Four Reade Corporation et al., Defendants, and Elliot Goldberg et al., Appellants. Sixty Four Reade Corporation et al., Third-Party Plaintiffs, v A. C. Brennan & Co., Inc., et al., Third-Party Defendants. — Order of the Supreme Court, New York County (Louis Grossman, J.), entered February 27, 1984, denying the motion of defendants Elliot Goldberg and Irving Port for summary judgment, modified, on the law, to the extent of granting the motion as to the first cause of action and, except as so modified, affirmed, without costs.

In April 1984 the corporate defendant contracted to sell premises 64 Reade Street, New York City to plaintiffs. The contract of sale was executed by the individual defendants, Goldberg and Port, as attorneys in fact for the corporate defendant. Among other things, the contract of sale provided that the seller was to have 60 days after the date of closing to remove the contents of the building and that the premises were to be left "broom clean". To insure compliance with this provision, $5,000 was placed in escrow with the law firm representing the corporate defendant.

The complaint alleges that during the removal period substantial damage was done to the building. This suit was commenced to recover such damages. The complaint alleges two causes of action. The first cause is couched in terms of breach of contract, the second in negligence.

Goldberg and Port moved for summary judgment, contending that the allegations contained in the complaint and in the answering papers were insufficient to raise any triable issue of fact. Special Term disagreed and denied the motion.

We think this was error as to the first cause of action. Goldberg and Port, in signing the contract of sale, indicated plainly that they were acting solely as agents for a disclosed principal. Nothing contained in the contract signifies any intent

on their part to be *personally* bound by its terms. Absent such an indication, they are not personally liable for the contract's breach (*Savoy Record Co. v Cardinal Export Corp.,* 15 NY2d 1, 4; *Mencher v Weiss,* 306 NY 1, 4). Hence, no action will lie against them for breach of contract. As to the cause sounding in negligence, which is alleged against all defendants except the escrow holder, sufficient is shown from which a jury could conclude that the moving defendants are liable by reason of affirmative, willful acts. The answering affidavit avers that plaintiff Stanley Akivis visited the premises during the period of moving. He requested that the movers cease their destructive activities. He was informed by the movers that they took their orders from Goldberg and Port. Thereupon he telephoned either Goldberg or Port and lodged his complaint. In response, he was told that he had secured a bargain and ought not complain about the damage inflicted. Accordingly, we agree with Special Term's holding denying summary judgment as to that cause. Concur — Kupferman, J. P., Sandler, Sullivan and Bloom, JJ.